**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CHIBUEZE C. ANAEME,

    Plaintiff-Appellant,

  v.

RUSSELL PETERSON, Officer, individually and in his capacity as the Chief of Police, Truth or Consequences, New Mexico Police Department; K. STOCKMAN, Officer, individually and in his capacity as an officer of the Truth or Consequences, New Mexico Police Department,; B.C.W. INC., d/b/a Out West Auto Corral of Albuquerque, New Mexico, d/b/a Farr Better Car Rental of Albuquerque, New Mexico, d/b/a Rent a Wreck of Albuquerque, New Mexico; GLEN BANEK; ROBERT VELASQUEZ; JESUS B. LEDESMA, individually and in their capacity as employees of B.C.W. Inc. d/b/a Rent a Wreck of Albuquerque, New Mexico, Farr Better Car Rental of Albuquerque, New Mexico, Out West Auto Corral of Albuquerque, New Mexico subsidiaries of B.C.W. Inc.; BEST WESTERN HOT SPRINGS INN, TRUTH OR CONSEQUENCES (T OR C), NEW MEXICO; JOSHUA FRANKEL, individually and in his capacity as General Manager/employee of Best Western Hot Springs Inn, Truth or Consequences, New Mexico; TRUTH OR CONSEQUENCES (T OR C)

No. 05-2360
(D.C. No. CIV-04790-JP/DJS)
(D. N.M.)

NEW MEXICO POLICE
DEPARTMENT,

   Defendants-Appellees.

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **PORFILIO**, and **ANDERSON,** Circuit Judges.

---

Proceeding pro se, plaintiff Chibueze C. Anaeme appeals the district court's dismissal of his civil rights complaint, brought under 42 U.S.C. §§ 1983 and 1985. He also seeks to proceed *in forma pauperis* (IFP) on appeal. We deny the motion to proceed IFP, and dismiss the appeal.

In his complaint, Mr. Anaeme recites that he rented a car from defendant B.C.W. Inc., d/b/a Rent a Wreck of Albuquerque, New Mexico ("BCW").[1] The rental car suffered a mechanical breakdown. After the breakdown, Mr. Anaeme

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]     He also names subsidiaries of BCW, including Farr Better Car Rental of Albuquerque and Out West Auto Corral of Albuquerque.

checked into the defendant Best Western Hot Springs Inn in Truth or Consequences, New Mexico ("Best Western").

The next morning, Mr. Anaeme spoke to defendant Joshua Frankel, general manager of the Best Western. Mr. Anaeme claims he assured Mr. Frankel that the charges for his room would be paid in full upon checkout, either by himself or by BCW. BCW allegedly also provided assurance that his room charges would be paid.

Mr. Anaeme alleges that Mr. Frankel thereafter telephoned the Truth or Consequences police department (ToCPD) and lodged a complaint against Mr. Anaeme. Defendant Russell Peterson, a ToCPD officer, responded to the scene, entered the lobby of the hotel, and ordered Mr. Anaeme to pay the room charge for an additional night (apparently because he had stayed past check-out time). Mr. Anaeme paid without hesitation but then told Officer Peterson that he wanted to file a formal complaint with the ToCPD against all involved parties immediately.

Mr. Anaeme states that Officer Peterson responded rudely and abruptly, stating that he could take Mr. Anaeme to the police station to file the complaint. Officer Peterson, however, did not transport Mr. Anaeme to the police station.

Four months later, Mr. Anaeme traveled to the ToCPD station, in an attempt to file a formal complaint arising out of this incident against Officer Peterson, Mr. Frankel, BCW, and Mr. Velasquez, and Mr. Ledesma, employees of

BCW. Mr. Anaeme asserts that defendant Officer Stockman of the ToCPD refused to process his complaint and rudely and sarcastically ordered him to leave the police station.

Based on the foregoing conduct, Mr. Anaeme's complaint charges that the defendants "harassed, intimidated, and assaulted" him, and that they deprived him of his liberty without due process of law. R., doc. 1, at 7-8. His complaint contains claims based on a number of other legal theories, including denial of equal protection, failure to render aid or to intercede on his behalf, conspiracy, interference with his right of association, fabrication of evidence, failure to train and supervise officers and employees, and selective enforcement of the laws.

Defendants Best Western, Frankel, BCW, Banek, Velasquez, and Ledesma filed motions to dismiss. Mr. Anaeme never responded to these motions. The district court granted the motions to dismiss, both because Mr. Anaeme was deemed to have consented to them by failing to respond, and because it found that his complaint failed to state a valid claim against these defendants. Mr. Anaeme filed appeals from each of these dismissal orders. The appeals were dismissed for lack of jurisdiction because there was no final order.

Defendants ToCPD, Peterson, and Stockman thereafter filed an answer to the complaint, followed by a motion to dismiss. Again, Mr. Anaeme did not respond to the motion. The district court granted the motion based on the failure to respond, and on the merits, finding that the complaint failed to state a claim

against these defendants. Mr. Anaeme appealed,[2] and sought to proceed IFP on appeal. The district court, determining that he had failed to advance any reasoned, non-frivolous arguments, denied IFP.

On appeal, Mr. Anaeme raises three issues:

(1) The district court erred in dismissing his complaint, both for failure to state a claim and because he failed to respond to the motion to dismiss.

(2) The district court failed to determine whether some of the named defendants were proper parties in the case.

(3) The district court failed to grant his discovery motions, including his motions to compel.

Upon review, we determine that Mr. Anaeme's appeal is frivolous. We therefore dismiss this appeal, *see* 28 U.S.C. § 1915(e)(2)(B)(i), and deny his motion to proceed in forma pauperis.

Entered for the Court

Terrence L. O'Brien
Circuit Judge

---

[2] The notice of appeal is not a model of clarity. While it expressly purports only to appeal only from the order dismissing defendants ToCPD, Peterson, and Stockman, it mentions the other defendants and the orders dismissing them as well. Construed broadly, it appears to demonstrate an intent to appeal from all of the dismissal orders.